**Eric Dshaun JONES, Petitioner–Appellant,**

v.

**Neil MCDOWELL, Warden, Respondent–Appellee.**

No. 14–56215

United States Court of Appeals, Ninth Circuit.

Submitted September 27, 2016 *

Filed October 3, 2016

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Eric Dshaun Jones, Blythe, CA, Pro Se.

Russell A. Lehman, Deputy Attorney General, Los Angeles, CA.

Before: TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

California state prisoner Eric Dshaun Jones appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Jones contends that he was induced to plead no contest to California state sexual offenses by the state trial court's erroneous representation that he would retain the right to appeal pretrial rulings. Reviewing de novo, see *Murdaugh v. Ryan*, 724 F.3d 1104, 1113 (9th Cir. 2013), we agree with the district court that Jones is not entitled to relief. The state appellate court's rejection of Jones's challenge to the voluntariness of his plea was not contrary to, nor an unreasonable application of, clearly established federal law, nor an unreasonable determination of the facts based on the evidence presented. See 28 U.S.C. § 2254(d); *Brady v. United States*, 397 U.S. 742, 748, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Moreover, Jones's contention that the district court failed to apply California contract principles in its analysis does not change the result.

Because he raises it for the first time in his reply brief, we do not reach Jones's contention that he was entitled to an evidentiary hearing. *See Padgett v. Wright*,

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

587 F.3d 983, 985 n.2 (9th Cir. 2009) (court ordinarily will not consider matters not specifically raised and argued in appellant's opening brief).

**AFFIRMED.**